IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICIA SPEARS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) NO: 2:03-CV-497 |
| | ) |
| MAY EVANS, EVANS and HALL REALTY, INVESTMENTS and E&I FUNDING, INC., | ) ) ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Verified Motion for Default Judgments Against Defendants May [Mae] Evans, E & I Funding, Inc., and Evans and Hall Realty Investments, filed by Plaintiff, Patricia Spears, on February 21, 2006. For the reasons set forth below, the motion is **TAKEN UNDER ADVISEMENT**. The Court **ORDERS** that Plaintiff provide this Court with further documentation of her damages, as set forth herein, on or before May 17, 2006.

BACKGROUND

On November 17, 2003, Plaintiff, Patricia Spears ("Spears") filed suit against Defendants, Anthony B. Lewis ("Lewis"), May Evans ("Evans"), E & I Funding, Inc. ("E & I") and Evans & Hall Realty Investments ("Realty"). Her complaint seeks $420,000 in damages for conversion and fraud, and specific performance of an agreement relating to certain real properties.

To date, Lewis is the only Defendant that has appeared in this

action.  On May 7, 2004, this Court ordered the Clerk to enter default against Defendants E&I and Realty, and also ordered that judgment of default as to liability only be entered against E&I and Realty.  The Clerk entered default and judgment as to liability only against E&I and Realty on May 10, 2004.   In this order, this Court explained that, while a district court may enter default judgment on liability against fewer than all defendants, where the defendants are alleged to be jointly and severally liable, it may not enter default judgment as to damages under those circumstances.  See this Court's order dated May 7, 2004, citing *Westinghouse Elec. Corp. V. Rio Algom Ltd.,* 617 F.2d 1248, 1261-63 (7th Cir. 1980); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323-24 (7th Cir. 1983); *Haines v. Fisher,* 82 F.3d 1503, 1510-11 (10th Cir. 1996); *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 147-48 (10th Cir. 1985); *Hudson v. Peerless Ins. Co.,* 374 F.2d 942 (4th Cir. 1967).

On July 30, 2004, this Court ordered the clerk to enter default against Defendant Evans, and also ordered the judgment of default as to liability only be entered against Evans.  The Clerk entered the default and judgment as to liability only against Evans on August 12, 2004.

When the instant motion was filed, it sought entry of default as to damages against three of four remaining defendants.  However, Spears and Lewis settled, and filed a stipulation of dismissal with this Court on April 13, 2006.  This Court approved the stipulation by amended order dated April 18, 2006.  Now that Lewis has been dismissed, the instant motion seeks an entry of judgement against all remaining defendants.

DISCUSSION

In support of her motion for default judgment, Spears asserts that she has been damaged in the amount of $145,000. Her affidavit states that she expended "in excess of Thirty Thousand Dollars ($30,000.00) in 2001, for reasonable and necessary repairs and to obtain a liquor license." Her affidavit further claims that she spent "in excess of Twenty-Five Thousand Dollars ($25,000.00) on delinquent real estate taxes and personal property taxes associated with the 1700 Grant Street property." Further, Spears alleges that she paid $5,000 in earnest money upon signing the offer to purchase the property, and made an additional payment of $85,000 towards the total purchase price of $385,000. Spears' affidavit uses approximate sums of money, and fails to provide any documentation in support of these figures. Although Defendants Evans, E&I and Realty have defaulted in this matter, Spears is not relieved of her obligation to provide sufficient proof of her damages to this Court. While the affidavit is helpful, this Court suspects that further documentation of these damages is in existence (i.e. cancelled checks, records of property taxes paid, etc.) In the absence of further documentation, or an explanation of why such documentation is not available, this Court cannot grant the instant motion.

**DATED:  April 18, 2006**                    /s/RUDY LOZANO, Judge
                                              **United States District Court**