IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICIA SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:03-CV-497 |
| | ) |
| ANTHONY B. LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Verified Motion for Default Judgments Against Defendants May [Mae] Evans, E & I Funding, Inc., and Evans and Hall Realty Investments, filed by Plaintiff, Patricia Spears, on February 21, 2006. For the reasons set forth below, the motion is **GRANTED**. The Court **ORDERS** that default judgment be entered in favor of Plaintiff and against Defendants May Evans, E & I Funding, Inc., and Evans & Hall Realty Investments, jointly and severally, in the amount of $435,000.

BACKGROUND

On November 17, 2003, Plaintiff, Patricia Spears ("Spears") filed suit against Defendants, Anthony B. Lewis ("Lewis"), May Evans ("Evans"), E & I Funding, Inc. ("E & I") and Evans & Hall Realty Investments ("Realty"). Her complaint seeks $420,000 in damages for

conversion and fraud, and specific performance of an agreement relating to certain real properties. This Court has previously entered a judgement of default as to liability only against Evans, E & I and Realty. The instant motion seeks entry of default as to damages against the three remaining defendants in this case, Evans, E & I, and Realty. In an order dated April 18, 2006, this Court took the instant motion under advisement, and ordered Plaintiff to provide further documentation of her damages. Plaintiff provided the requested documentation on May 17, 2006.

DISCUSSION

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits." *Dundee Cement v. Howard Pipe & Concrete prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 19883). For example, the Court may direct an accounting if deemed

necessary and proper. *See* Wright & Miller, 10A *Federal Practice and Procedure* 3 ed., § 2688 (1998) (citing *Kelley v. Carr*, 567 F. Supp. 831 (W.D. Mich. 1993)).

In the instant case, Plaintiff has submitted an affidavit establishing that she expended the following sums of money as a result of Defendants' conduct: (1) "in excess of Thirty Thousand Dollars ($30,000) in 2001, for reasonable and necessary repairs and to obtain a liquor license" (2) "in excess of Twenty-Five Thousand Dollars ($25,000) on delinquent real estate taxes and personal property taxes associated with the 1700 Grant Street property"; and (3) $5,000 in earnest money upon signing the offer to purchase the property, and an additional $85,000 towards the total purchase price.  As a result of this Court's request for further documentation, Plaintiff has provided documents establishing that: (1)  Plaintiff paid Mae Evans $95,347.54 towards the purchase of the properties at issue in this case; (2) Plaintiff expended $26,660.60 for taxes and insurance on the properties at issue in this case; and (3) Plaintiff expended $27,798.94 for the repair and upkeep of one of the properties at issue.  Thus, Plaintiff has demonstrated total damages of $149,807.08. Pursuant to Indiana law, Plaintiff is entitled to treble damages.  *See* Ind. Code § 34-24-3-1.

Upon review of the submitted affidavit and documents, this Court finds it is sufficient for this Court to assess damages against Defendant without the need of a hearing.  Accordingly, the Court

**GRANTS** Plaintiff's motion for default judgment as to damages against Defendants May [Mae] Evans, E & I Funding, Inc., and Evans and Hall Realty Investments.

CONCLUSION

For the reasons set forth above, the Verified Motion for Default Judgments Against Defendants May [Mae] Evans, E & I Funding, Inc., and Evans and Hall Realty Investments, is **GRANTED**. The Court **ORDERS** that default judgment be entered in favor of Plaintiff and against Defendants May Evans, E & I Funding, Inc., and Evans & Hall Realty Investments, jointly and severally, in the amount of $435,000.

**DATED: June 2, 2006** /s/RUDY LOZANO, Judge
**United States District Court**